J-S37045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEE HERBERT WAGNER | |
| Appellant | No. 103 WDA 2016 |

Appeal from the Order January 5, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011280-1996

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 28, 2016**

Lee Herbert Wagner appeals from the order, entered in the Court of Common Pleas of Allegheny County, which dismissed his petition pursuant to the Post Conviction Relief Act (PCRA).[1]  After careful review, we affirm.

The trial court summarized the facts underlying Wagner's convictions for aggravated indecent assault and indecent assault as follows:

On August 9, 1996, [Wagner] met Chelsea Whitney, a woman with whom he had been conversing by telephone for the previous two weeks, at Station Square in the City of Pittsburgh. After having dinner, [Wagner] and Ms. Whitney went to Mt. Washington and then to Ms. Whitney's apartment.  At the apartment, the parties engaged in kissing, which became violent when [Wagner] ignored Ms. Whitney's requests that he stop[.] [Wagner] pinned Ms. Whitney to the sofa, ripped off her

_____

[1] 42 Pa.C.S. §§ 9541-9546.

pantyhose, and touched her vagina. After doing so, he left and
Ms. Whitney reported the incident to the police two days later.

Trial Court Opinion, 2/1/16, at 4.

The procedural history leading to the instant PCRA petition, the latest in a series of such petitions, involves the following. On May 7, 1996, after a jury found Wagner guilty of the above offenses, the trial court determined Wagner to be a sexually violent predator pursuant to Megan's Law[2] and sentenced him to a term of five years' to life imprisonment. Wagner filed a direct appeal, which resulted in Wagner receiving a new sentence due to the unconstitutionality of portions of Megan's Law. Wagner was resentenced on December 16, 1998, to a term of five to ten years' imprisonment. Wagner's judgment of sentence was affirmed on appeal on July 21, 2000. ***See Commonwealth v. Wagner***, 761 A.2d 1240 (Pa. Super. 2000) (unpublished memorandum). Wagner did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

Wagner filed a *pro se* PCRA petition on August 3, 2000. Counsel was appointed and an amended petition was filed, alleging ineffective assistance of counsel. After an evidentiary hearing was held on March 22, 2002, the PCRA court dismissed the petition on April 4, 2002. This Court affirmed the

---

[2] Megan's Law previously provided for the registration of sexual offenders and was codified at 42 Pa.C.S § 9791 *et seq*. Megan's Law was replaced with the current law, the Sexual Offender Registration and Notification Act (SORNA). ***See*** 42 Pa.C.S. §§ 9799.10-9799.41.

- 2 -

PCRA court's order on July 2, 2003, and the Pennsylvania Supreme Court denied Wagner's petition for allowance of appeal on December 16, 2003. *See Commonwealth v. Wagner*, 832 A.2d 545 (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 841 A.2d 531 (Pa. 2003).

On January 28, 2006, Wagner filed a second *pro se* PCRA petition, in which he requested DNA testing of certain evidence produced at trial. New counsel was appointed, and a motion for post-conviction DNA testing was filed on May 18, 2006. On November 13, 2006, the PCRA court dismissed the motion without a hearing. A panel of this Court affirmed the dismissal. *See Commonwealth v. Wagner*, 945 A.2d 771 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 952 A.2d 677 (Pa. 2008).

On July 17, 2008, Wagner filed a third *pro se* PCRA petition, in which he argued that the Commonwealth withheld a statement made by the victim to a Pittsburgh Action Against Rape ("PAAR") representative. Wagner asserted that this failure to disclose amounted to a violation of his constitutional rights. On September 18, 2008, the PCRA court dismissed the petition without a hearing. Wagner did not file an appeal following the dismissal.

On January 27, 2011, Wagner filed a fourth *pro se* PCRA petition, including a second motion for DNA testing. The PCRA court entered a Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing on February 22, 2011, and dismissed the PCRA petition on March 21, 2011. The

dismissal was affirmed on appeal to this Court. *See Commonwealth v. Wagner*, 46 A.3d 812 (Pa. Super. 2012) (unpublished memorandum).

Wagner filed a fifth *pro se* PCRA petition on August 7, 2012. Following the entry of a notice of intent to dismiss without a hearing pursuant to Rule 907, the PCRA court dismissed the petition on October 11, 2012. Wagner did not file an appeal.

On September 9, 2015, Wagner filed the instant, counseled petition requesting post-conviction DNA testing pursuant to the PCRA. The PCRA court issued a Rule 907 notice of intent to dismiss the petition without a hearing and entered a final order dismissing the petition on January 5, 2016. Wagner filed a timely notice of appeal and concise statement of issues raised on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Wagner raises the following issue for our consideration:

> Did the trial court err in denying [Wagner's] motion for performance of forensic DNA testing pursuant to 42 Pa.C.S. § 9543.1 since the request for DNA testing has not been properly previously litigated since [Wagner] respectfully avers that the trial court and Superior Court had relied upon the erroneous assumption that [Wagner] admitted to sexual activities, other than kissing, with the victim, but the record indicates that he never admitted to anyt[h]ing more than kissing, and never admitted to ripping her pantyhose and inserting his fingers into her vagina. Hence, the absence of [Wagner's] DNA at the tear hole in the crotch area of the pantyhose would exonerate him of the crime of aggravated indecent assault since his conviction was based up[on] the alleged insertion of two of [Wagner's] fingers into the victim's vagina, but to have accomplished that he would have had to first have forcibly ripped through the victim's pantyhose (and that action would have deposited his skin follicles on the pantyhose)?

Brief for Appellant, at 3.

We note that,

> when examining the propriety of an order resolving a request for DNA testing, we employ the PCRA standard of review. On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error.

*Commonwealth v. Gacobano*, 65 A.3d 416, 419 (Pa. Super. 2013) (citations omitted). Where we are considering the PCRA court's denial of a request for DNA testing, we note that

> the filing requirements of 42 Pa.C.S. § 9545 have not yet been implicated. . . . Post[-]conviction DNA testing does not directly create an exception to § 9545's one-year time bar. Rather[,] it allows for a convicted individual to first obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S. § 9545(b)(2).

*Id.* (citations omitted). Indeed, "[t]his Court has consistently held the one-year jurisdictional time bar of the PCRA does not apply to motions for DNA testing under Section 9543.1." *Commonwealth v. Williams*, 35 A.3d 44, 50 (Pa. Super. 2011).

Although Wagner's petition seeking DNA testing does not fall under the timeliness requirements of typical PCRA petitions, the instant request is nevertheless barred by the law of the case doctrine. As we noted in *Gacobano*,

> [t]he law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the

- 5 -

> earlier phases of the matter. . . . [W]hen an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the case, reverse its previous ruling.

*Gacobano*, *supra* at 419-20.

Instantly, Wagner has submitted a petition for DNA testing for the third time. Wagner has made substantially the same argument in each petition. Wagner's initial DNA testing request was dismissed by the PCRA court, was rejected by a panel of this Court, and was denied review by the Pennsylvania Supreme Court. Likewise, Wagner's second DNA testing request was dismissed by the PCRA court, and the dismissal was affirmed by a panel of this Court. Accordingly, Wagner's claim has been fully litigated and under the law of the case, we will not reverse our previous rulings. *Gacobano*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/28/2016